**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JHON ACOSTA MONTERO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, *et al*.,**<br><br>**Respondents.** | **CIVIL ACTION NO. 26-4528** |

**<u>MEMORANDUM OPINION</u>**

**Rufe, J.**                                                                                                    **July 21, 2026**

Petitioner Jhon Acosta Montero is a noncitizen and native of Colombia who now brings a

Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention

without a bond hearing. Mr. Acosta Montero argues that his detention is based on an unlawful

interpretation of 8 U.S.C. § 1225, violates the Administrative Procedures Act ("APA"), and

violates substantive and procedural due process. Because Mr. Acosta Montero is currently

subject to a final order of removal, he is lawfully detained under 8 U.S.C. § 1231. For the

reasons stated herein, the Court will dismiss Mr. Acosta Montero's Petition.

**I.      BACKGROUND**

Petitioner Acosta Montero is a citizen of Colombia who entered the United States without

inspection or authorization in or about May 19, 2024.[1] Mr. Acosta Montero was encountered by

Customs and Border Patrol ("CBP") shortly after entering the United States near the Calexico,

California port of entry.[2] The Department of Homeland Security ("DHS") initiated removal

proceedings against Mr. Acosta Montero on June 15, 2024 when it issued a Notice to Appear

---

[1] Gov't Resp. Opp. Pet. at 2 [Doc. No. 3]; Notice to Appear [Doc. No. 3-2].

[2] Gov't Resp. Opp. Pet. at 2 [Doc. No. 3]; Record of Deportable/Inadmissible at 2 [Doc. No. 3-3].

("NTA") to Mr. Acosta Montero.[3] The NTA informed Mr. Acosta Montero of an immigration hearing to be held on June 8, 2026.[4] Immigration and Customs Enforcement ("ICE") claims they personally served Mr. Acosta Montero with the NTA on June 16, 2024.[5] Mr. Acosta Montero's signature is on the NTA under the "Certificate of Service" section, indicating that he received oral notice in Spanish of the time and place of his hearing and the consequences for failing to appear.[6] Mr. Acosta Montero disputes receiving any oral or written notice in his native language, Spanish.

On June 8, 2026, Mr. Acosta Montero's immigration hearing proceeded in compliance with the NTA.[7] Mr. Acosta Montero failed to appear at the hearing.[8] Accordingly, Immigration Judge Mary Lee entered an *in absentia* Order of Removal against Mr. Acosta Montero, which ordered him to be removed to Colombia.[9]

Following entry of the Order of Removal, Mr. Acosta Montero was arrested and detained by ICE on June 30, 2026.[10] He is currently detained at the Federal Detention Center in Philadelphia.[11] On June 30, 2026, the day of his arrest, Mr. Acosta Montero filed the instant Petition for a Writ of Habeas Corpus challenging his detention as unlawful.[12] The Court entered an Order directing the government to respond to the Petition, prohibiting the transfer of Mr.

---

[3] Gov't Resp. Opp. Pet. at 2 [Doc. No. 3]; Notice to Appear [Doc. No. 3-2].

[4] Gov't Resp. Opp. Pet. at 2 [Doc. No. 3]; Notice to Appear [Doc. No. 3-2].

[5] Gov't Resp. Opp. Pet. at 2 [Doc. No. 3]; Notice to Appear at 2 [Doc. No. 3-2].

[6] Notice to Appear at 2 [Doc. No. 3-2].

[7] Gov't Resp. Opp. Pet. at 2 [Doc. No. 3].

[8] *Id.*; *see also* Pet. at 3 [Doc. No. 1]; Order of Removal [Doc. No. 3-1].

[9] Gov't Resp. Opp. Pet. at 2 [Doc. No. 3]; Order of Removal [Doc. No. 3-1].

[10] Pet. at 2 [Doc. No. 1].

[11] *Id.* at 3.

[12] *Id.*

Acosta Montero from this Court's jurisdiction, and setting a hearing for July 8, 2026.[13] The Court held a hearing on the matter on July 9, 2026, which was continued due to Petitioner's lack of presence and inability to validly waive his presence. A second hearing was held on July 21, 2026; at which Petitioner did appear.

After filing the instant Petition, counsel for the petitioner has since filed a motion to reopen and rescind the Order of Removal in immigration court. That motion remains pending, and upon a ruling may be appealed to the Board of Immigration Appeals.

## II.    LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 petition when the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[14] It is Petitioner's burden to show that his detention violates the Constitution or federal law.[15]

Federal district courts do not have jurisdiction to review a final order of removal.[16]

## III.    DISCUSSION

Petitioner challenges his detention under the Immigration and Nationality Act ("INA"), Due Process Clause, and the APA.[17] In his Petition, Mr. Acosta Montero alleges that he is being detained subject to 8 U.S.C. § 1225(b)(2)(A), which he argues is unlawful.[18] However, given his order of removal, Mr. Acosta Montero is in detention pursuant to 8 U.S.C. § 1231. Section 1231 governs the detention of noncitizens who have been ordered removed.[19] Under the section, there

---

[13] 6/30/26 Order [Doc. No. 2].

[14] 28 U.S.C. § 2241(c)(3).

[15] *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

[16] 8 U.S.C. § 1252(g).

[17] Pet. at 2-3 [Doc. No. 1].

[18] *Id*. at 7-13.

[19] 8 U.S.C. § 1231.

is a 90 day "removal period" during which "the Attorney General *shall* detain the alien."[20] Once a noncitizen is ordered removed, "DHS must physically remove him from the United States within a 90-day 'removal period.' "[21] The removal period begins on the latest of three dates: "(1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement."[22]

Mr. Acosta Montero's Petition claims that he has not yet received a final order of removal.[23] However, the June 8, 2026 Order of Removal became administratively final "immediately upon entry of such order" because the Order was entered in Mr. Acosta Montero's absence.[24] Accordingly, Mr. Acosta Montero received an administratively final order of removal on June 8, 2026. The 90-day removal period began on that date, and Mr. Acosta Montero's arrest and detention were permitted and required under § 1231. Upon Mr. Acosta Montero's arrest, twenty-two days of the ninety-day removal period had lapsed.

On July 5, 2026, Mr. Acosta Montero's counsel filed a Motion to Reopen the immigration proceedings.[25] The filing of a motion to reopen removal proceedings following an order of removal *in absentia* stays the removal of the noncitizen "pending disposition of the motion by the immigration judge."[26] While the implementation of a stay of removal proceedings may delay the start of the "removal period" under § 1231 in certain circumstances, such

---

[20] 8 U.S.C. § 1231 (emphasis added).

[21] *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)).

[22] *Id*. (citing 18 U.S.C. § 1231(a)(1)(B)).

[23] Pet. at 3 [Doc. No. 1].

[24] 8 C.F.R. § 1241.1(e).

[25] Evidence [Doc. No. 4].

[26] 8 C.F.R. § 1003.23(b)(4)(ii).

circumstances are not present here. Section 1231 states that, "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, [the removal period begins on] the date of the court's final order."[27] The automatic stay entered upon filing of a motion to reopen immigration proceedings does not constitute judicial review and no court has entered a stay of the removal. Nor was Mr. Acosta Montero "detained or confined" in a non-immigration proceeding such that his release would initiate a removal period. Accordingly, there is no later date on which the removal period began after he received a final Order of Removal on June 8, 2026. The removal period began on June 8, 2026, and Petitioner must be detained pursuant to § 1231 pending his removal, so his detention is lawful under the INA.

The removal period may be extended such that a noncitizen remains detained after 90 days have passed if: (A) "the [noncitizen] fails to make a timely application for travel documents or acts to prevent his removal"; (B) "DHS [stays] the immediate removal of certain [noncitizens] [because] it decides that such removal is not practicable or proper, or [that] the [noncitizen] is needed to testify in a pending prosecution"; or (C) the noncitizen is "(1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order."[28] The Supreme Court has established a presumptive limit of six months for reasonable post-removal detention under § 1231.[29]

Mr. Acosta Montero's Removal Order was administratively final on June 8, 2026, when he was ordered removed *in absentia*. A judge has not reviewed Mr. Acosta Montero's Motion to Reopen removal proceedings and rescind the removal order. Mr. Acosta Montero, therefore,

---

[27] 8 U.S.C. § 1231(a)(1)(B)(ii).

[28] *Guzman Chavez*, 594 U.S. at 528-29.

[29] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

remains subject to a final Order of Removal and § 1231 governs his detention. He has been in ICE custody since June 30, 2026—less than a week to date.

Because Mr. Acosta Montero is deemed inadmissible under 8 U.S.C. § 1182(a), he may be detained beyond the 90-day removal period. Because he has been detained less than a week, he is within the "presumptively reasonable period of detention" of six months identified by the Supreme Court.[30] Further, the Supreme Court has held that detention pending removal is a "constitutionally valid aspect of the [removal] process."[31] Given the short duration of Mr. Acosta Montero's detention, and the lawfulness of the mandatory detention under § 1231, Mr. Acosta Montero's detention comports with due process.

Finally, Mr. Acosta Montero challenges his detention under the APA. Petitioner's argument rests on the claim that he is detained pursuant to § 1225(b)(2)(A) rather than § 1226(a), which provides for a bond hearing.[32] He argues that DHS was arbitrary and capricious is classifying him as an "arriving alien" for the purposes of subjecting him to mandatory detention.[33] Because Mr. Acosta Montero is not subject to detention pursuant to § 1225 or §1226, and because his detention is mandatory under § 1231, his arguments under the APA are not persuasive.

## IV.   CONCLUSION

It is the Court's understanding, and counsel for the parties agree, that the current removal order will be rescinded and moot if the Motion is granted. It is also the Court's understanding that the current removal order is stayed by operation of law while the Motion remains pending.

---

[30] *Id.*

[31] *Demore v. Kim*, 538 U.S. 510, 512 (2003).

[32] Pet. ¶¶ 26-28 [Doc. No. 1].

[33] *Id.* ¶ 26.

For the reasons stated herein, Mr. Acosta Montero's detention is lawful, and his Petition for a Writ of Habeas Corpus will be dismissed without prejudice. An order will be entered.